The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 2:19-cv-02043-TSZ |
| Plaintiff, | |
| v. | STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION |
| U.S. DEPARTMENT OF HOMELAND SECURITY et al., | |
| Defendants. | |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information (ESI) in this matter:

**A.    General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the

STIPULATED ORDER RE: DISCOVERY
OF ESI -- NO. 2:19-cv-02043-TSZ

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Within thirty (30) days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.     <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2.     <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI. Shared drivers, servers, databases and other storage locations shall be identified by name, location, connection to the instant litigation, and type of information stored there.

3.     <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.     ESI Discovery Procedures**

1.     <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.     <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

STIPULATED ORDER RE: DISCOVERY
OF ESI  --  NO. 2:19-cv-02043-TSZ

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

a. Prior to running searches:

i. The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

ii. The requesting party is entitled to, within fourteen (14) business days of receiving the producing party's disclosure, add no more than 10 search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties.

iii. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

b. After production: Within twenty-one (21) days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 10 additional search terms or queries. The immediately preceding section (Section C(2)(a)(iii)) applies.

STIPULATED ORDER RE: DISCOVERY
OF ESI -- NO. 2:19-cv-02043-TSZ

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

3. Format.

a. ESI will be produced to the requesting party in native format. For documents that require redactions, these files are to be produced in searchable PDF format with a corresponding Optical Character Recognition (OCR) or multi-page extracted text file.

b. The parties will produce a .DAT load file for each production that shall include fielded data as specified in section 6 and 7 below, linked native files, and linked extracted text or OCR.

c. Each document file shall be named with a prefix and unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be multi-page, provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language), and shall be named with a unique Bates Number with prefix (*e.g.*, the prefix and unique Bates Number of the first page of the corresponding production version of the document followed by its file extension). Only one text file shall be provided per document.

4. De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

STIPULATED ORDER RE: DISCOVERY
OF ESI -- NO. 2:19-cv-02043-TSZ

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

5.  Metadata fields. The parties agree that only the following metadata fields be produced, and only to the extent it is reasonably accessible and non-privileged: document type; author/from; recipient/to, cc; bcc; title/subject; email subject; file name; file size; file extension; date and time created, sent, modified and/or received; and hash value. This list of metadata fields is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

6.  Additional fields. The parties agree to provide custodian information in a Custodian field. Alternatively, if no custodian exists, the parties agree to provide storage location information in the Custodian field.

7.  Hard-Copy Documents. The parties may elect to produce hard-copy documents in an electronic format. If so, individual hard-copy documents will be scanned as individual multi-page PDFs using OCR technology according to the natural break of each document and include the custodian or storage location associated with each produced document. Searchable ASCII text files will also be produced for each document (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number with prefix (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.  Preservation of ESI**

The parties acknowledge that they have an obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.  Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up

STIPULATED ORDER RE: DISCOVERY
OF ESI -- NO. 2:19-cv-02043-TSZ

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under sections identified below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are duplicative of data that are more accessible elsewhere.

    f. Server, system or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), including text messages, provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E. Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for

1  each document and the basis for the claim (attorney-client privileged or work-product
2  protection). For ESI, the privilege log may be generated using available metadata. Should the
3  available metadata provide insufficient information for the purpose of evaluating the privilege
4  claim asserted, the producing party shall include such additional information as required by the
5  Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later
6  than 30 days after delivering a production unless an earlier deadline is agreed to by the parties.

7       2.   Redactions need not be logged so long as the basis for the redaction is clear on
8  the redacted document.

9       3.   With respect to attorney-client privileged or work-product information
10  generated after the filing of the complaint, parties are not required to include any such
11  information in privilege logs.

12      4.   Pursuant to Fed. R. Evid. 502(d), the production of any documents in this
13  proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding,
14  constitute a waiver by the producing party of any privilege applicable to those documents,
15  including the attorney-client privilege, attorney work-product protection, or any other privilege
16  or protection recognized by law. Information produced in discovery that is protected as
17  privileged or work product shall be immediately returned to the producing party, and its
18  production shall not constitute a waiver of such protection.

STIPULATED ORDER RE: DISCOVERY
OF ESI -- NO. 2:19-cv-02043-TSZ

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

DATED this 22nd day of July, 2020.

Respectfully submitted,

| | |
|---|---|
| ROBERT W. FERGUSON<br>Attorney General | BRIAN T. MORAN<br>United States Attorney |
| *s/ Marsha Chien*<br>COLLEEN M. MELODY, WSBA #42275<br>Civil Rights Division Chief<br>MARSHA CHIEN, WSBA #47020<br>MITCHELL A. RIESE, WSBA #11947<br>Assistant Attorneys General<br>Attorneys for Plaintiff State of Washington<br>Wing Luke Civil Rights Division<br>Office of the Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>Phone: (206) 464-7744<br>Colleen.Melody@atg.wa.gov<br>Marsha.Chien@atg.wa.gov<br>Mitchell.Riese@atg.wa.gov | *s/ Kristin B. Johnson*<br>KRISTIN B. JOHNSON, WSBA #28189<br>Assistant United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101-1271<br>Telephone No. (206) 553-7970<br>Fax No. (206) 553-4073<br>E-mail: kristin.b.johnson@usdoj.gov<br><br>*Attorney for Defendants* |

*Attorneys for Plaintiff State of Washington*

## ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED this 30th day of July, 2020.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

STIPULATED ORDER RE: DISCOVERY OF ESI -- NO. 2:19-cv-02043-TSZ

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744