The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>      Defendants. | CASE NO. 19-CV-2043-TSZ<br><br>**DEFENDANTS' MOTION TO STAY**<br><br>NOTED FOR CONSIDERATION:<br>February 12, 2021 |

**INTRODUCTION**

Plaintiff, the State of Washington ("the State"), challenges Defendants' civil immigration enforcement activities at or near courthouses. Dkt. 1. Due to the change in administration, there is new leadership at the Department of Justice as of January 20, 2021. Defendants request additional time so that new Department of Justice officials have sufficient time to become familiar with the issues in this case. In addition, Defendants request additional time to evaluate whether any new immigration enforcement priorities may be issued that may impact this case. Defendants respectfully request that the Court stay this matter for 120 days to advance the goals

DEFENDANTS' MOTION TO STAY - 1
19-CV-2043-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of efficiency for the Court and litigants.[1]

## STANDARD OF REVIEW

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings, a district court must weigh various competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The burden is on the movant to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## PROCEDURAL FACTS

The State filed its complaint on December 17, 2019, and a motion for a preliminary injunction on December 18, 2019. Dkt. 1, 6. On June 2, 2020, the Court struck the State's motion for a preliminary injunction without prejudice to refiling when Washington courts resume non-emergency in-person operations. Dkt. 135 (citing Washington Supreme Court's Amended Third Revised and Extended Order Regarding Court Operations, No. 25700-B-626 (May 29, 2020) (available at www.courts.wa.gov)).

---

[1] Defendants certify that they have met and conferred with the State on this issue by telephone on January 26, 2021, and by email on January 27, 2021. The State's counsel, Colleen Melody and Mitchell Riese, and Defendants' counsel, Kristin Johnson, were present on the conference call. The parties were unable to reach an agreement on Defendants' request for a stay. The parties did agree to stay discovery pending the Court's ruling on the motion to stay.

DEFENDANTS' MOTION TO STAY - 2
19-CV-2043-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court then issued a scheduling order setting the deadline to complete discovery at February 6, 2021, the deadline to file dispositive motions at March 18, 2021, and a bench trial date of June 7, 2021. Dkt. 138. The parties have engaged in extensive discovery.

On October 13, 2020, the Washington Supreme Court issued a Fourth Revised and Extended Order Regarding Court Operations, No. 25700-B-646, which is substantially similar to the Third Revised and Extended Order (available at www.courts.wa.gov). The State has not refiled its motion for a preliminary injunction.

## ARGUMENT

### I. The Court Should Stay this Case for 120 Days to Allow Defendants Additional Time to Review This Case Based on the Change in Administration.

Defendants satisfy the three *Lockyer* factors for a stay in this case. First, there is little damage which may result from the granting of a stay because Washington courthouses have not yet resumed non-emergency in-person operations. Washington Supreme Court's Fourth Revised and Extended Order Regarding Court Operations, No. 25700-B-646, is substantially similar to the Third Revised Order except that it lifted the suspension on civil jury trials, but gave courts discretion to continue all non-emergency civil matters and encouraged the parties to conduct discovery and pretrial hearings and alternative dispute resolution by remote means whenever possible. *Id.* at pg. 3-5. Similarly, the Fourth Revised Order lifted the suspension on criminal jury trials, but held that courts should continue to hear out-of-custody and in-custody criminal and juvenile offender matters by telephone, video or other means that do not require in-person attendance when appropriate. *Id.* at pg. 6-7. Thus, it appears that Washington courthouses have not yet resumed non-emergency in-person operations. As such, there is little damage which may result from the granting of a stay.

DEFENDANTS' MOTION TO STAY - 3
19-CV-2043-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Second, Defendants will suffer substantial hardship if the case is allowed to go forward. Just prior to discovery ending, the State propounded substantial new discovery requests on Defendants. On January 14, 2021, the State served its First Requests for Admission to U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Patrol ("CBP"), as well as its Second Requests for Production to both ICE and CBP. The State has also noticed the depositions of four ICE employees and requested a Rule 30(b)(6) deposition of a Department of Homeland Security official. The government would expend substantial resources and effort to respond to this additional written discovery and produce these witnesses for deposition.

Third, the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law, which could be expected to result from a stay, is substantial. The new administration, new Department of Justice leadership, and potential new immigration enforcement priorities, will likely have a substantial impact on Defendants' litigation position in this matter.

DEFENDANTS' MOTION TO STAY - 4
19-CV-2043-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

WHEREFORE, Defendants respectfully request that the Court stay this case for 120 days to advance the goals of efficiency for the Court and litigants.

DATED this 28th day of January, 2021.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

/s Kristin B. Johnson
KRISTIN B. JOHNSON WSBA #28189
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone No. (206) 553-7970
Fax No. (206) 553-4073
E-mail   kristin.b.johnson@usdoj.gov
Attorney for Defendants

DEFENDANTS' MOTION TO STAY - 5
19-CV-2043-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970